## PHILLIPS v. BALTIMORE S. S. CO. et al.

(District Court, E. D. New York. January 15, 1924.)

Admiralty ☞95—Decree in suit in admiralty for injury bars subsequent action at law.

　　Under Merchant Marine Act, § 20, as amended by Act June 5, 1920, § 33 (Comp. St. Ann. Supp. 1923, § 8337a), a seaman injured in the service may "at his election" maintain an action for damages at law, but where he brings a suit in admiralty, and recovers for maintenance and care, such decree is a bar to a subsequent action at law for the same injury.

At Law. Action by Vernon Phillips, an infant, by Vernon Phillips, his next friend, against the Baltimore Steamship Company and the United States Shipping Board Emergency Fleet Corporation. On motion by defendants for judgment on pleadings. Granted.

Edgar J. Treacy, of New York City (Joseph M. Dreyer, of New York City, of counsel), for plaintiff.

Ralph C. Greene, U. S. Atty., of Brooklyn, N. Y., for defendant U. S. Shipping Board Emergency Fleet Corporation.

Nathan A. Smyth, of New York City, for defendant Baltimore S. S. Co.

INCH, District Judge. This is a motion for judgment on the pleadings, pursuant to a stipulation signed by the attorneys for all parties and duly filed herein. The motion is made by the defendants, and is based by them upon the plea of res judicata set up in defendants' answers.

On October 20, 1921, this plaintiff began an action in admiralty against the above defendants in the United States District Court for the District of Maryland. Plaintiff sought therein indemnity for personal injuries sustained, while he was an able seaman, on board the steamship West Cape, operated by the defendants. In substance the complaint stated that he was working below decks, when a sling load of dunnage fell upon him and caused his injury; that his injuries were caused by the negligence of the defendants in failing to provide him with a safe place in which to work, in failing to use reasonable care to avoid striking him, and due to the unseaworthiness and insufficiency of the appliances, of the vessel.

This action came on for trial on the 21st day of December, 1922, and on February 19, 1923, the court rendered its decision, and a decree was entered, finding that the defendants were not liable to plaintiff for indemnity, but only for maintenance and cure, which was

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

fixed at $500. On March 21, 1923, this sum of $500 was paid, and said decree fully satisfied.

Notwithstanding the above, the plaintiff two months later and on the 22d day of May, 1923, commenced this present action against these defendants in the Supreme Court, Nassau county, state of New York. This state court action was duly removed by defendants into this court, and defendants have answered and now make this motion.

An examination of the complaint in the state court, and now at issue here, discloses substantially the same allegations of fact as to how the accident happened as in the admiralty action. The complaint here alleges in paragraph "twelve" that the injuries to plaintiff were directly caused by the negligence of the defendants, and of the officers and their seamen in their employ, in their negligent and reckless control, in the operation of said vessel and of said winch and appliances, on the said vessel and in their operation thereof, in their disregard of the rights, presence, and safety of the plaintiff, and in their failure to give warning to plaintiff of the impending danger.

In the action in admiralty plaintiff claimed $15,000. In the present action plaintiff claims $100,000. It would seem that, plaintiff having had a fair trial in the United States District Court, District of Maryland, this would be all that he was entitled to. However, plaintiff contends that the action in the admiralty court was tried simply on the allegations that the vessel was unseaworthy and other grounds alone recognized by courts of admiralty, and does not therefore bar a suit at common law based on negligence, where section 20 of the Merchant Marine Act (Comp. St. 1916 or 1918, § 8337a) is available to a seaman such as plaintiff was; that therefore, while the parties are the same, the issues are different.

The cases cited by plaintiff do not seem to me to be in point. It is plain from a reading of the papers, both in the admiralty action and in this present action, that the same facts are relied upon to show liability to plaintiff on the part of these defendants. The cause of action in both actions is to recover for personal injuries due to neglect of duty by defendants. The word "indemnity" has no significance, so far as the point now under consideration is concerned.

Accordingly, when the plaintiff commenced his first action against defendants on October 20, 1921, entirely aside from the Merchant Marine Act, he had a right to sue the defendants either in admiralty or common law. If he sued in admiralty, he would not be entitled to recover an indemnity for the negligence of the master or any other member of the crew, and all the members of the crew, exclusive possibly of the master, were between themselves fellow servants.

This would not, of course, have affected his right to recover, as he did, for maintenance and cure. The same rule as to fellow servants would have existed in his common-law action. Plaintiff would therefore have been no better off, so far as his present contention is concerned, in either action. The Osceola, 189 U. S. 158, 23 Sup. Ct. 483, 47 L. Ed. 760; Panama R. R. v. Johnson (C. C. A.) 289 Fed. 964. The common-law rule is concisely stated:

"The decided weight of authority is to the effect that all who serve the same master, work under the same control or deriving authority and com-

pensation from the same source, and are engaged in the same general business, although it may be in different grades or departments of it, are fellow servants, each taking the risk of the others' negligence." 26 Cyc. p. 1282.

"Those entering into the service of a common master become thereby engaged in a common service, and are fellow servants." Northern Pac. R. R. v. Peterson, 162 U. S. 346, 16 Sup. Ct. 843, 40 L. Ed. 994.

Accordingly there was no better opportunity offered to a seaman seeking to recover for personal injuries at common law than in admiralty, and a trial having been had in either one, on the same facts and between the same parties, and a decree or judgment having been entered, the same ended the matter.

In March, 1915, the common-law rule as to fellow servants was limited to a certain extent for seamen, where it was held that seamen having command shall not be held to be fellow servants with those under their authority. 38 Stat. 1185, 9 Fed. Stat. Ann. (2d Ed.) 180, Comp. St. 1916 or 1918, § 8337a. This possibly did not increase plaintiff's chances. In June, 1920, however, the above section 20 was amended to read as follows:

"Any seaman who shall suffer personal injury in the course of his employment may, *at his election*, maintain an action for damages at law, with the right of trial by jury, and in such action all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply," etc. 41 Stat. 1007, Fed. Stat. Ann. (Supplement 1920) 227, Comp. St. Ann. Supp. 1923, § 8337a.

Prior to this last amendment, as I have pointed out, the common-law or the admiralty court rules as to fellow servants were practically the same, and there was no reason to fear two suits from the same plaintiff against the same defendants for the same cause of action; but upon the enactment of the amendment of June 5, 1920, it became apparent that it might be argued, as it now is in this case, that the law in the two courts was so different as not to make the judgment of one res judicata as to the other.

It seems to me that it was to prevent just such construction that the said statute for the first time contains the otherwise meaningless words "at his election." In other words, while Congress greatly limited the common-law rule, it confined same to common-law actions, and gave the plaintiff the opportunity to then choose into which court he would go. An election or choice deliberately made is final, and I find nothing in said statute or elsewhere that actually or impliedly authorizes two suits for the same cause of action on the same facts and between the same parties.

For over a year prior to the commencement by plaintiff of his suit to recover for personal injury said statute had been available to him. He elected to sue in the admiralty court, he had a fair trial, and a decree was entered and satisfied. By reason of his election, and the entry of the decree in the court of his choice, he was barred from commencing his present action in the other or common-law court.

Motion granted.